IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LANCE HATCH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:04-CR-146 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release.

BACKGROUND

On March 13, 2004, Defendant pleaded guilty to conspiracy to defraud the United States. On August 7, 2006, Defendant was sentenced to 20 months custody followed by 36 months supervised release, a fine of $10,000, and was ordered to pay a $100 special assessment fee. Judgment was entered on August 8, 2006.

Defendant was released from the custody of the Bureau of Prisons on February 20, 2008, and began his 36-month term of supervised release on the same day. Defendant

1

has completed nearly 14 months of his term of supervised release.

Defendant has paid his special assessment and has paid his $10,000 fine. Defendant has been compliant with all of the conditions of his supervised release.

Defendant's supervision has been transferred to the State of Washington, but jurisdiction has not been transferred.

## DISCUSSION

If a defendant has completed at least one year of supervised release, 18 U.S.C. § 3583(e) permits the Court to terminate supervised release prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[1]  In making this determination, the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[2]

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising probation officer.  The Court finds as follows: Defendant has been fully compliant with all the terms of his supervised release and directives of the probation office.  In addition, he has satisfied the financial obligations imposed by the Sentence.  The probation office is not opposed to the early termination of supervision and discharge of supervised release.

The government's attorney has been notified, has had a reasonable opportunity to

---

[1] 18 U.S.C. § 3583(e).

[2] *Id*. (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

object, and has filed a notice of no objection. Accordingly, no hearing is required.[3]

Based on these findings and on consideration of the applicable § 3553(a) factors, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and is in the interest of justice.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 20) is GRANTED; it is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately.

SO ORDERED.

DATED this 13th day of April, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] Fed. R. Crim. P. 32.1(c) (hearing required to modify conditions of supervised release unless the relief sought is favorable to defendant, does not extend the term of his supervised release and "an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.").